UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL GUZMAN VILA,

  Petitioner,

  v.         Case No.:  2:26-cv-01413-SPC-DNF

FIELD OFFICE DIRECTOR *et al.*,

  Respondents,

             /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Manuel Guzman Vila's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Guzman Vila's reply (Doc. 8).  For the below reasons, the Court grants the petition.

Guzman Vila is a native of Cuba who entered the United States on May 31, 1980, during the Marial boatlift and was later paroled into the country.  An immigration judge ordered him removed on February 10, 2004, but the government was unable to remove him.  After determining he is not a danger to the community and does not present a flight risk, the Immigration and Naturalization Service released him under an order of supervision.  Guzman Vila has faithfully complied with its terms.

On January 5, 2026, Guzman Vila reported to ICE for a routine check-in, and ICE revoked his release and detained him.  He is currently detained at Alligator Alcatraz.  Guzman Vila challenges the legality of his detention under

*Zadvydas v. Davis*, 533 U.S. 678 (2001) and regulations governing revocation of orders of supervision.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Guzman Vila's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Guzman Vila has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2004, and Cuba's longstanding refusal to repatriate Marial Cubans makes removal unlikely now. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Guzman Vila will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Guzman Vila to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Manuel Guzman Vila's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1.  The respondents shall release Guzman Vila within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record